**EXHIBIT 1**

**LAWRENCE C. HERSH, ATTORNEY AT LAW**
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

| | | |
|---|---|---|
| ————————————————— X | | |
| | : | |
| RAYMOND PISTONE, on behalf of himself and all others | : | Superior Court of New Jersey |
| similarly situated, | : | Law Division |
| | : | Essex County |
| Plaintiff, | : | |
| vs. | : | Docket No.  L-000997-22 |
| | : | |
| FINANCIAL RECOVERY SERVICES, INC; JOHN DOES | : | **CIVIL ACTION** |
| 1-50 and ABC CORP. 1-50, | : | |
| | : | |
| Defendants. | : | **SUMMONS** |
| | : | |
| ————————————————— X | | |

From The State Of New Jersey To The Defendant(s) Named Above:

  The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

  If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

  If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

        */s/ Michelle M. Smith*
        Clerk of the Superior Court

DATED: February 24, 2022

Name of Defendant(s) to Be Served:  **FINANCIAL RECOVERY SERVICES, INC.**
Address of Defendant to Be Served: **c/o C T Corporation System, 820 Bear Tavern Road, West Trenton, NJ 08628**

**ATLANTIC COUNTY**
Law Division, Direct Filing
Atlantic County Court House
1201 Bacharach Blvd. - 1st Floor
Atlantic City, NJ 08401
LAWYER REFERRAL:
609-345-3444
LEGAL SERVICES:
609-348-4200

**BERGEN COUNTY**
Law Division, Civil Case Processing
119 Justice Center
10 Main Street
Hackensack, NJ 07601-7698
LAWYER REFERRAL:
201-488-0044
LEGAL SERVICES:
201-487-2166

**BURLINGTON COUNTY**
Superior Court, Law Division
Courts Facility - 1st Floor
Box 6555
Mt. Holly, NJ 08060
LAWYER REFERRAL:
609-261-4862
LEGAL SERVICES:
609-261-1088

**CAMDEN COUNTY**
Civil Processing Office
Hall of Justices - 1st Floor
501 Fifth Street
Camden, NJ 08103
LAWYER REFERRAL:
856-964-4520
LEGAL SERVICES:
856-964-2010

**CAPE MAY COUNTY**
Law Division, Direct Filing
Cape May Superior Court
4 Moore Road - DN203
Cape May Court House, NJ 08210
LAWYER REFERRAL:
609-463-0313
LEGAL SERVICES:
609-465-3001

**CUMBERLAND COUNTY**
Civil Case Management Office
Court House - Room 301
Broad & Fayette Streets
Box 866
Bridgeton, NJ 08302
LAWYER REFERRAL:
856-692-6207
LEGAL SERVICES:
852-451-0003

**ESSEX COUNTY**
Law Division, Direct Filing
Essex County Hall of Records
Room 237
Newark, NJ 07102
LAWYER REFERRAL:
973-622-6207
LEGAL SERVICES:
973-622-0063

**GLOUCESTER COUNTY**
Civil Case Management Office
Att: Intake
Court House - 1st Floor
One North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL:
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY**
Superior Court Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
201-798-2727
LEGAL SERVICES
201-792-6363

**HUNTERDON COUNTY**
Civil Division Office
Hall of Records
71 Main Street
Flemington, NJ 08822
LAWYER REFERRAL
908-735-6112
LEGAL SERVICES
908-782-7979

**MERCER COUNTY**
Mercer County Office of Deputy
Clerk
P.O. Box 8068
209 So. Broad Street
Trenton, NJ 08650
LAWYER REFERRAL
609-585-6200
LEGAL SERVICES
609-695-6249

**MIDDLESEX COUNTY**
Superior Court - Att: Law Division
Administration Bldg., 3rd Floor
P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
732-828-0053
LEGAL SERVICES
732-249-7600

**MONMOUTH COUNTY**
Law Division, Direct Filing
Court House
71 Monmouth Park - West Wing
P.O. Box 1252
Freehold, NJ 07728-1252
LAWYER REFERRAL
732-431-5544
LEGAL SERVICES
732-502-0059

**MORRIS COUNTY**
Morris County Civil Division
Court House - Box 910
Morristown, NJ 07960
LAWYER REFERRAL
973-267-5882
LEGAL SERVICES
973-285-6911

**OCEAN COUNTY**
Law Division, Direct Filing
Court House - Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
732-240-3666
LEGAL SERVICES
732-341-2727

**PASSAIC COUNTY**
Passaic County Civil Div. Office
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
973-278-9223
LEGAL SERVICES
973-523-2900

**SALEM COUNTY**
Law Division, Direct Filing
Court House
92 Market Street
P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
856-935-4629
LEGAL SERVICES
856-451-0003

**SOMERSET COUNTY**
Civil Division Office
Court House - 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
908-685-2323
LEGAL SERVICES
908-231-0840

**SUSSEX COUNTY**
Sussex County Civil Division
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
973-267-5882
LEGAL SERVICES
973-383-7400

**UNION COUNTY**
Deputy Clerk, Superior Court
Court House - Room 107
2 Broad Street
Elizabeth, NJ 07207-6703
LAWYER REFERRAL
908-353-4715
LEGAL SERVICES
908-354-4340

**WARREN COUNTY**
Warren County Civil Div. Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
908-267-5882
LEGAL SERVICES
908-475-2010

**LAWRENCE C. HERSH** (No. 003142002)
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

―――――――――――――――――――――X
                                              :
RAYMOND PISTONE, on behalf of himself and     :     Superior Court of New Jersey
all others similarly situated,                :     Law Division
                                              :     Essex County
              Plaintiff,                      :
                                              :     Docket No.
vs.                                           :
                                              :     **CIVIL ACTION**
FINANCIAL RECOVERY SERVICES, INC;             :
JOHN DOES 1-50 and ABC CORP. 1-50,            :     **CLASS ACTION COMPLAINT**
                                              :     **AND JURY TRIAL DEMAND**
              Defendants.                     :
                                              :
                                              :
―――――――――――――――――――――X

      Plaintiff RAYMOND PISTONE (hereinafter "Plaintiff"), on behalf of himself and

all others similarly situated, by and through his undersigned attorney, alleges against the

above-named Defendants FINANCIAL RECOVERY SERVICES, INC., JOHN DOES 1-

50 and ABC CORP. 1-50 (hereinafter "Defendants"), their employees, agents, and

successors, the following:

## PRELIMINARY STATEMENT

      1.    Plaintiff brings this action for statutory damages and declaratory and

injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the

Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this matter alleging violations of the
FDCPA, 15 U.S.C. §1692 *et seq.* pursuant to 15 U.S.C. §1692k(d).

3.     Defendants regularly collect debts in Essex County, do business in Essex
County and/or regularly file lawsuits in Essex County.

## DEFINITIONS

4.     As used in reference to the FDCPA, the terms "creditor," "consumer,"
"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt
collection practices provides for the initiation of court proceedings to enjoin violations of
the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.     Plaintiff is a natural person and resident of Ocean County, in the State of
New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.     Based upon information and belief, Defendant FINANCIAL RECOVERY
SERVICES, INC. ("FRS") has its principal place of business located in Edina,
Minnesota.

8.     Defendants JOHN DOES 1-50 and ABC CORP. 1-50 are fictitious
defendants. JOHN DOES 1-50 are fictitious individuals. ABC CORP. 1-50 are business

entities including, but not limited to a corporation, limited liability company and/or partnership, which are in the business of buying and/or collecting on defaulted consumer debt. In the event any named defendant is not the real name of the defendant, or he or it is known by any other name, plaintiff reserves the right to amend this complaint to properly name the defendant.

9. Each Defendant regularly collects debts and does business in Essex County.

10. Each Defendant is a company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted consumer debts

11. Each Defendant operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey via collection letters, phone calls, credit reports and lawsuits.

12. In fact, each Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

13. Each Defendant's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

14. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

3

15. Plaintiff brings this action as a state wide class action, pursuant to Rule 4:32 of the New Jersey Rules of Court, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

16. This Action is properly maintained as a class action pursuant to Rule 4:32. The Classes consist of:

> • All New Jersey consumers who were sent collection letters and/or notices from Defendant regarding a debt in which the original creditor is identified as Credit One Bank, N.A., in a form substantially similar to any of the attached Exhibits and which included the alleged conduct and practices described herein.

> • All New Jersey consumers where Defendant sent information concerning the consumer's debt to a third-party letter vendor without obtaining the prior consent of the consumer regarding a debt in which the original creditor is Credit One Bank, N.A.

> • The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

17. The Class satisfies all the requirements of R. 4:32 for maintaining a class action:

> • Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that

4

the undersigned attorney has, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether Defendants violated various provisions of the FDCPA.

  b. Whether Plaintiff and the Class have been injured by the Defendants; conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

5

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendants conducts are allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

18.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

19.     Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

20.     Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

21.     Sometime prior to February 12, 2021, Plaintiff allegedly incurred a financial obligation to Credit One Bank, N.A. ("Credit One") related to a Credit Card Account. ("the Debt").

22.     The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23.     Plaintiff used the subject at retail stores and/or online to purchase products, including health and beauty items, food, groceries and other household goods.

24.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     Credit One is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26.     Sometime prior to February 12, 2021, Credit One either directly or through intermediate transactions assigned, placed or transferred all interest in the Debt to LVNV Funding, LLC ("LVNV").

27.     At the time the Debt was assigned, placed or transferred to LVNV, the Debt was in default.

28.     Subsequently, and also at a time prior to February 12, 2021, LVNV transferred the Debt to Defendants for purposes of collection.

29.     Defendants caused to be delivered to Plaintiff a letter dated February 12,

7

2021 concerning the alleged Debt, which sought to collect an amount owed of $1038.84. Attached as Exhibit A is a copy of the February 12, 2021 collection letter ("the Collection Letter").

30. The Collection Letter was Defendants' initial communication to Plaintiff for the Debt.

31. The Collection Letter was sent or caused to be sent by a person employed by Defendants as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

32. The Collection Letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

33. Upon receipt, Plaintiff read the Collection Letter.

34. As the initial written communication, the Collection Letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

35. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

36. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

37. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a

8

statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

38.     In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

39.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40.     In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

41.     A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

42.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

43.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

44.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the

9

disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

45.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

46.     The front side of the collection letter included the following statement ("The Statement"):

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

47.     The Statement presumably attempted to comply with the requirements of section 1692g(a)(3)-(5).

48.     The Statement does not direct the consumer to dispute the Debt with a particular address for an in writing dispute.

49.     The Collection Letter includes two separate addresses for Defendant FRS.

50.     The least sophisticated consumer may be dissuaded from disputing the debt at all, since he or she may not know to which of the two addresses the debt dispute letter should be sent.

51.     The top left of the Collection Letter provides a first address for Defendant ("the First Address") of:

Dept. 813
PO Box 4115
Concord CA 94524

52.     The top right of the Collection Letter contains a second address for Defendant ("the Second Address"):

PO Box 385908
Minneapolis, MN 55438-5908

53.     The least sophisticated consumer may decide not to dispute the Debt since he or she would not know which of the two addresses to use to dispute the Debt.

54.     Alternatively, the least sophisticated consumer may believe that he or she would have to send two dispute letters, one to each address, in order to dispute the Debt, and thus decide that doing so would be too expensive or too difficult to do.

55.     The use of multiple addresses by Defendant FRS overshadowed the disclosure of the consumer's right to dispute the Debt and obtain verification of the Debt.

56.     In the last year, Defendant sent collection letters to numerous New Jersey consumers in which Defendant included multiple addresses in an initial written communication to a consumer.

57.     Furthermore, the bottom of the letter includes three payment coupons labeled "1 of 3", "2 of 3" and "3 of 3."

58.     Thus, the least sophisticated consumer may believe that all three payment coupons would need to be used in order to make payment or settle the debt pursuant to that offer.

59.     The coupons fail to indicate how much needs to be paid in each of the 3 payments to settle the debt in full.

60.     The 3 coupons in the Collection Letter falsely suggest that any 3 payments will settle the debt in full.

61.     Furthermore, the payment coupons do not specify over what time period the 3 payments need to be paid.

62.     The Collection Letter is false, misleading and deceptive since it is susceptible to more than one reasonable interpretation.

63.     Additionally, when Defendant decided to contact Plaintiff via written correspondence, it did not prepare and mail the Collection Letter on its own.

64.     Rather, Defendant sent information regarding Plaintiff's account to a third-party letter vendor (the "Letter Vendor").

65.     In its communications with the Letter Vendor, Defendant disclosed the following information to the Letter Vendor:

a. Plaintiff's status as a debtor;

b. The fact that Plaintiff allegedly owed $1038.84 to LVNV on a Credit One Bank credit card debt; and,

c.  Other highly personal and confidential information about Plaintiff and his or her account.

66.     The Letter vendor then populated some or all of this information into a pre-written template, which it printed and mailed to Plaintiff's residence in New Jersey.

67.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

68.     The sending of an electronic file containing information about Plaintiff's purported debt to the Letter Vendor is therefore a communication.

69.     Defendant's communication to the Letter Vendor was in connection with

12

the collection of a Debt, since it involved disclosure of the Debt to a third-party with the objective being communication with, and motivation of, the consumer to pay the alleged Debt.

70.     Plaintiff never consented to having his or her personal and confidential information, concerning the Debt or otherwise, shared with anyone else.

71.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, <u>with any person</u> other than <u>the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector</u>.

(emphasis added).

72.     The Letter Vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provide for in section 1692c(b).

73.     Due to Defendant's communication to the Letter Vendor, information about Plaintiff, including his or her name, the amount allegedly owed, Plaintiff's home address and other information were all within the possession of an unauthorized third-party.

74.     Defendant unlawfully communicated with the unauthorized Letter Vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it disclosed to such third-party.

75.     In its reckless pursuit of a business advantage, Defendant disregarded the

known, negative effect that disclosing sensitive information to an unauthorized third-party has on consumers.

76.     As a result of Defendant's conduct, Plaintiff was harmed by being subject to abusive collection practices, from which he or she had a substantive right to be free of having his or her privacy invaded and by having her private and protected information shared and disseminated with unauthorized parties.

## POLICIES AND PRACTICES COMPLAINED OF

77.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**

78.     s, which violate the FDCPA, by *inter alia*:

(a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)     Using unfair or unconscionable means to collect or attempt to collect any debt and/or;

(c)     failing to comply with the disclosure requirements of section 1692g

79.     On information and belief, Defendants sent written communications in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

80.     Plaintiff repeats the allegations contained in paragraphs 1 through 79 as if the same were set forth at length.

81.     Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

82.     By sending a collection letter, the same as or substantially similar to the September 8, 2020 collection letter, Defendants violated:

A.  15 U.S.C. §1692c, by conveying Plaintiff's information to a third–party;

B.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

C.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

D.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt, including by knowingly disclosing sensitive information about Plaintiff's debt to third parties not expressly authorized under the FDCPA;

E.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

F.  15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice; and

G.  15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendants as follows:

15

(a) Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class

Counsel under R. 4:32;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding reasonable attorneys' fees, costs and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:   Rutherford, New Jersey
       February 13, 2022

                         Respectfully submitted,

                         By: s/ Lawrence C. Hersh
                            Lawrence C. Hersh, Esq.
                            17 Sylvan Street, Suite 102B
                            Rutherford, NJ  07070
                            (201) 507-6300
                            *Attorney for Plaintiff and all others*
                            *similarly situated*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

Dated: February 13, 2022                  By: /s/ Lawrence C. Hersh
                                       Lawrence C. Hersh

## DESIGNATION OF TRIAL COUNSEL

Lawrence C. Hersh, Esq. is designated as trial counsel in this matter.

By:    /s/ Lawrence C. Hersh
     Lawrence C. Hersh

Dated:  February 13, 2022

### CERTIFICATION PURUSANT TO R. 4:5-1

   I certify that the matters in controversy in this action are not the subject of any

other action pending in any other court or of a pending arbitration proceeding, and that no

other action or arbitration proceeding is contemplated.

By:    /s/ Lawrence C. Hersh
     Lawrence C. Hersh

Dated:  February 13, 2022

17

EXHIBIT A



DEPT 813
PO BOX 4115
CONCORD CA 94524

**FINANCIAL RECOVERY SERVICES, INC.**

P.O. Box 385908
Minneapolis, MN 55438-5908
1-844-319-2418

**RETURN SERVICE REQUESTED**

February 12, 2021

RAYMOND PISTONE

CURRENT CREDITOR: LVNV FUNDING LLC
ORIGINAL CREDITOR: CREDIT ONE BANK, N.A.
ACCOUNT NUMBER: XXXXXXXXXXXX2182
DATE OF LAST PAYMENT: 06/06/2019
CHARGE-OFF DATE: 01/13/2020
DATE FIRST DELINQUENT: 07/12/2019

TOTAL BALANCE DUE: $1038.84
FRS FILE NUMBER:
ON-LINE PIN NUMBER:
(Used to access and view your file on  WWW.FIN-REC.COM)

***** Avoid Client Review For Law Firm Assignment *****

Please be advised that LVNV FUNDING LLC owns the account referenced above and it has been assigned to our office for collection. If you pay $1038.84, the above referenced account will be considered paid in full.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If we cannot resolve this account, it will be returned to the current creditor and reviewed to determine whether or not placement with a law firm licensed in your jurisdiction is appropriate. Such return to the current creditor and review will not occur until after the 30 day time period set forth above and after it is recalled from our office. As of today, no attorney has reviewed the particular circumstances of this account. However, if you fail to contact this office, the creditor may consider additional remedies to recover the balance due. We are not a law firm and we cannot provide you with legal advice and we will not sue on this account. We do not make decisions as to whether or not to place any account with a law firm as that decision rests solely with the current creditor.

I respectfully ask that you contact our office and make arrangements to resolve your account with us before it is reviewed by our client for assignment to a licensed attorney in your state. To make a payment, please call us at the toll-free number listed below. FRS now accepts some forms of payment on-line at www.fin-rec.com. See your On-Line access PIN above. We look forward to working with you to resolve this matter.

Sincerely,

WADE DAVIS
Account Manager
Toll Free: 1-844-319-2418

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.
This communication is from a debt collector.

See reverse side for important information.

Office hours are: Monday-Thursday, 7am to 8pm CT, Friday 7am to 5pm CT; Saturday 7am to noon CT.

---

## *Detach Coupon And Mail Payment*

| 1 OF 3 | 2 OF 3 | 3 OF 3 |
|---|---|---|
| FRS File #: | FRS File #. | FRS File #: |
| 1-844-319-2418 | 1-844-319-2418 | 1-844-319-2418 |
| Balance due as of February 12, 2021: $1038.84 | Balance due as of February 12, 2021 $1038.84 | Balance due as of February 12, 2021 $1038.84 |
| Amount enclosed:_____ | Amount enclosed._____ | Amount enclosed:_____ |
| Home phone._____ | Home phone:_____ | Home phone:_____ |
| Work phone:_____ | Work phone:_____ | Work phone:_____ |
| Cell phone:_____ | Cell phone:_____ | Cell phone:_____ |
| Financial Recovery Services, Inc. | Financial Recovery Services, Inc. | Financial Recovery Services, Inc. |
| P.O. Box 385908 | P.O. Box 385908 | P.O. Box 385908 |
| Minneapolis, MN 55438-5908 | Minneapolis, MN 55438-5908 | Minneapolis, MN 55438-5908 |
| Letter Code Sent: 0L3 | Letter Code Sent  0L3 | Letter Code Sent: 0L3 |

We are required under certain State and Local Laws to notify consumers of those States or Localities of the following rights. This list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws.

## ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading information or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

### DISCLOSURE REQUIRED BY CALIFORNIA LAW

You have the right to know what personal information is being collected about you, to know if your personal information is sold or disclosed and to whom, to say no to the sale of personal information, to access your personal information, and to equal service and price. Federal and state laws prohibit us from disclosing information about your debt to third parties. Personal information is collected solely for the purpose of debt recovery and remains part of our records until we determine the information is no longer needed, or as otherwise required by law. We do not sell or share your personal information and we do not provide services or products to consumers that would involve consumer pricing.

We may collect the following categories of personal information:
* Identifying information;
* Personal information categories listed in California Customer Records Statute;
* Protected classification characteristics under California or Federal law;
* Internet or other electronic network activity information;
* Professional or employment-related information;
* Non-public education information (per the Family Educational Rights and Privacy Act;

You may read our Privacy Policy at www.fin-rec.com or request a written copy by contacting us.

## ADDITIONAL INFORMATION FOR COLORADO RESIDENTS

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE
HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/

COLORADO OFFICE LOCATION: 27 NORTH WILLERUP, SUITE B, MONTROSE, CO 81401
LOCAL PHONE: 970-249-7514 TOLL-FREE PHONE: 1-866-436-4766

A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATIONS WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

## ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS

If you wish to discuss this matter, please call us direct, between the hours of 8 a.m. and 5 p.m. CST, at the number listed on the front of this notice. Massachusetts resident office address is: 49 Winter St, Weymouth, MA 02189 with office hours: M-Th 10am-3pm.

NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

## ADDITIONAL INFORMATION FOR MINNESOTA RESIDENTS

THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

## ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs. The license number is 1015506.

## ADDITIONAL INFORMATION FOR NORTH CAROLINA RESIDENTS

North Carolina Department of Insurance Permit Number: 3917 Address: 4510 W. 77th St, Suite 200, Edina, MN 55435

NC Permit Number 113527 Address: 6300 Shingle Creek Parkway Ste 220, Brooklyn Center, MN 55435

NC Permit Number 4508 Address: 823 Belknap, Suite 205, Superior, WI 54880

Please direct all correspondence and payments to the following address: P.O. Box 385908, Minneapolis, MN 55438-5908

## ADDITIONAL INFORMATION FOR TENNESSEE RESIDENTS

This collection agency is licensed by the Collection Service Board of the State Department of Commerce and Insurance.

## ADDITIONAL INFORMATION FOR WISCONSIN RESIDENTS

This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions. www.wdfi.org.

## NOTICE TO ALL CONSUMERS

Our staff is trained to conduct themselves in a businesslike and professional manner, and to leave you with a positive experience in dealing with our Company. If you have a complaint, criticism, suggestion, or compliment about the way we are collecting this debt, please write to us at P.O. Box 385908, Minneapolis, MN 55438-5908, email us at compliance@fin-rec.com, submit on-line at www.fin-rec.com, or call us toll-free at (866) 438-2860 between 9am and 5pm CT Monday-Friday.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK          NJ 07102

                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   FEBRUARY 14, 2022
                    RE:     PISTONE RAYMOND  VS FINANCIAL RECOVERY S ERVICES,
                    DOCKET: ESX L -000997 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

     DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE MANAGING JUDGE ASSIGNED IS:  HON KEITH E. LYNOTT

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       002
AT:  (973) 776-9300 EXT 56908.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: LAWRENCE C. HERSH
                              LAWRENCE C. HERSH
                              17 SYLVAN STREET SUITE 102B
                              RUTHERFORD       NJ 07070

ECOURTS